DONALD J. CURRIER, State Bar No. 148877
Assistant Secretary, Office of Legal Affairs
DEBRA ASHBROOK, State Bar No. 117570
Chief Counsel
Employment Advocacy and Prosecution Team
Office of Legal Affairs
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 94283-0001
Telephone: (916) 327-6328
Fax: (916) 442-2637
Attorneys for Respondent

MATTHEW L. CATE
Inspector General
BARBARA L. SHELDON, State Bar No. 137740
Chief Counsel
TAMARA M. COLSON, State Bar No. 190223
3927 Lennane Drive, Suite 220
P.O. Box 348780
Sacramento, CA 95834
Telephone: (916) 830-3600
Fax: (916) 928-5996

Attorneys for Real Party in Interest, Office of the
Inspector General, erroneously sued as Bureau of
Independent Review, Office of Inspector General

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank Esqueda, California Correctional Supervisor's Organization, <br><br> Petitioners, <br><br> v. <br><br> Department of Corrections and Rehabilitation, <br><br> Respondent, <br><br> Bureau of Independent Review, Office of Inspector General, <br><br> Real Party in Interest. | Case No. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S AND OFFICE OF THE INSPECTOR GENERAL'S JOINT NOTICE OF REMOVAL OF ACTION RELATED TO CASE NO. 3:90-CV-03094-TEH PURSUANT TO 28 U.S.C. §1441(b) and §1442(a)(1) |

-1-

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Respondent, the California Department of Corrections and Rehabilitation, and Real Party in Interest, the Office of the Inspector General, hereby remove to this Court the state court action described below.

1. On April 16, 2008, an action was commenced in the Superior Court of the State of California in and for the County of San Bernardino, entitled *Frank Esqueda, California Corrections Supervisor's Organization v. Department of Corrections and Rehabilitation, Bureau of Independent Review, Office of the Inspector General [Real Party in Interest]*, as case number CIVRS 803602.

2. The first date on which the California Department of Corrections and Rehabilitation and the Office of the Inspector General received a copy of the verified petition for writ of mandate and permanent injunction was April 16, 2008, when each party was served. True and correct copies of all documents which have been served on the parties in this action are attached hereto as Exhibit A.

3. This action is a civil action of which this Court has jurisdiction, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) and § 1442(a)(1) in that the federal court is currently exercising jurisdiction over *Madrid, et al v. Department of Corrections and Rehabilitation, et al.*, case number 3:90-CV-03094-TEH, which implicates inmates' federal constitutional and civil rights. The state court action seeks to prohibit the Office of the Inspector General's Bureau of Independent Review from attending interviews and interrogations in internal affairs investigations conducted by the California Department of Corrections and Rehabilitation. The contemporaneous monitoring of internal affairs investigations within the California Department of Corrections engaged in by the Bureau of Independent Review has been ordered by this Court as part of the remedial plan in the *Madrid* case. The Bureau of Independent Review's protocols were approved by the Court as part of an order adopting the special master's recommendation. These protocols clearly contemplate Bureau of Independent Review attendance at internal affairs interviews and interrogations. Moreover, through its special master and court expert, this Court is currently monitoring the

-2-

1    Bureau of Independent Review's implementation of its protocols, including its monitoring

2    activities. Therefore, the state court action implicates both the activities of the special master

3    and court expert, both of who are federal court officers, and inmates' federal rights.

4           4. All parties who have been named in the petition have joined in this Notice of Removal

5    and filed it jointly.

6                                          Respectfully submitted,

7    DATED: ___5- 14· 08___, 2008    By _____

8                                          DONALD J. CURRIER
                                           Assistant Secretary, Legal Affairs

9
                                           Attorney for Respondent, Department of
10                                         Corrections and Rehabilitation

11                                         MATTHEW L. CATE
                                           Inspector General
12
                                           BARBARA L. SHELDON
13                                         Chief Counsel

14   DATED: May 15, 2008, 2008    By _____

15                                         TAMARA M. COLSON
                                           Special Assistant Inspector General
16
                                           Attorneys for Real Party in Interest,
17                                         Office of the Inspector General

18

19

20

21

22

23

24

25

26

27

28

-3-

# EXHIBIT A

1  DIETER C. DAMMEIER, SBN 188789
   MICHAEL LACKIE SBN166122
2  ZAHRA KHOURY, SBN 231065
3  zahra@policeattorney.com
   **LACKIE & DAMMEIER APC**
4  367 North Second Avenue
   Upland, California 91786
5  Telephone: (909) 985-4003
6  Facsimile: (909) 985-3299

7
   Attorneys for Petitioners
8  FRANK ESQUEDA, CALIFORNIA CORRECTIONAL SUPERVISOR'S ORGANIZATION,

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12         COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA DISTRICT

13 FRANK ESQUEDA, CALIFORNIA          )  Case No.: RS803602
   CORRECTIONAL SUPERVISOR'S          )
14 ORGANIZATION,                      )  *Assigned for all purposes to the Honorable*
          Petitioners,                )  *Martin A. Hildreth*
15                                     )
16                                     )  **NOTICE OF HEARING RE: VERIFIED**
                                       )  **PETITION FOR WRIT OF MANDATE**
17   v.                                )  **[C.C.P. §1085]**
                                       )
18                                     )
19 DEPARTMENT OF CORRECTIONS AND       )
   REHABILITATION;                    )  Hearing Date: July 14, 2008
20 Respondents.                        )  Time: 8:30AM
                                       )  Judge: Martin A. Hildreth
21                                     )  Department: R11
22 BUREAU OF INDEPENDENT REVIEW,       )
   OFFICE OF INSPECTOR GENERAL         )
23      [Real Party In Interest]       )
                                       )
24 ─────────────────────────────────
25 TO ALL PARTIES AND ATTORNEYS OF RECORD HEREIN:

26         PLEASE TAKE NOTICE that on **July 14, 2008** , in **Department R11** of the above

27 entitled Court, this matter will be heard before the Honorable Martin A. Hildreth. Petitioners will

28 move the court to issue a Peremptory Writ of Mandate ordering  the DEPARTMENT OF

─────────────────────────────────
NOTICE OF HEARING ON WRIT
1

1    CORRECTIONS AND REHABILITATION to stop violations of the Public Safety Officers

2    Procedural Bill of Rights and California Penal Code 832.7 and for an Order to all Respondents to

3    stop violations of California Penal Code 832.7.

7    Dated:  April 21, 2008                        Respectfully submitted,

8                                                  **LACKIE & DAMMEIER APC**

10                                                 _____

11                                                 Zahra Khoury
                                                   Michael Lackie
12                                                 Attorneys for Petitioners

1

## PROOF OF SERVICE

2    I declare that I am over the age of eighteen (18) and not a party to this action.  My
3    business address is 367 North Second Ave., Upland, California 91786.

4    On **April 21, 2008,** I served the following document described as **NOTICE OF HEARING RE:
VERIFIED PETITION FOR WRIT OF MANDATE  [C.C.P. §1085]** on the interested
5    parties in this action by placing a true and correct copy of each document thereof, enclosed in a
sealed envelope addressed as follows:
6

| | |
|---|---|
| 7  Respondent, CA Department of <br> Corrections and Rehabilitation <br> 8  9035 Haven Ave., Ste 105 <br> Rancho Cucamonga, CA 91730 | Respondent <br> Office of Inspector General <br> 3997 Lennane Drive, #220 <br> Sacramento, CA 95834 |
| 9  Monrow Mabon <br> Staff Counsel <br> 10  Office of Legal Affairs/EAPT <br> Department of Corrections and <br> 11  Rehabilitation <br> 3633 Inland Empire Blvd., Ste 640 <br> 12  Ontario, CA 91764 | Barbara Sheldon <br> Chief Counsel <br> Office of Inspector General <br> POBox 348780 <br> Sacramento, CA 958. 34 |
| 13 | |
| 14 | Respondent <br> Bureau of Independent Review <br> 15  C/O <br> Office of Inspector General <br> 16  3997 Lennane Drive, #220 <br> Sacramento, CA 95834 |
| 17 | |

18    (X)    I am readily familiar with the business practice for collection and processing of
19          correspondence for mailing with the United States Postal Service.  I know that the
              correspondence was deposited with the United States Postal Service on the same
20          day this declaration was executed in the ordinary course of business.  I know that
              the envelope was sealed and, with postage thereon fully prepaid, placed for
21          collection and mailing on this date in the United States mail at Upland, California.

22    (  )    By Personal Service, I caused such envelope to be delivered by hand to the above
23          addressee(s).

24    (  )    By overnight courier, I caused the above-referenced document(s) to be delivered to
25          an overnight courier service (UPS), for delivery to the above addressee(s).

26    (  )    By facsimile machine, I caused the above-referenced document(s) to be transmitted
27          to the above-named persons(s) at the above telecopy number:

28    (  )    Certified Mail:

1   I declare under penalty of perjury under the Laws of the State of California that the
2   foregoing is true and correct.  Executed on April 21, 2008 at Upland, California.

3

4                                                          Roseanna Rodriguez

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DIETER C. DAMMEIER, SBN 188789
   MICHAEL LACKIE SBN166122
2  ZAHRA KHOURY, SBN 231065
3  zahra@policeattorney.com
   **LACKIE & DAMMEIER APC**
4  367 North Second Avenue
   Upland, California 91786
5  Telephone: (909) 985-4003
6  Facsimile: (909) 985-3299

7
   Attorneys for Petitioners
8  FRANK ESQUEDA, CALIFORNIA CORRECTIONAL SUPERVISOR'S ORGANIZATION,

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12         COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA DISTRICT

13  FRANK ESQUEDA, CALIFORNIA          )    Case No.:
14  CORRECTIONAL SUPERVISOR'S          )        **CIVRS    B 0 3 6 0 2**
                                       )
15  ORGANIZATION,                      )    **VERIFIED PETITION FOR WRIT OF**
                                       )    **MANDATE [C.C.P. § 1085];**
16      Petitioners,                   )    **PERMANENT INJUNCTION [GOV'T**
                                       )    **CODE §3309.5(c); 3309.5(d)]**
17                                     )
18      v.                             )
                                       )
19                                     )
20  DEPARTMENT OF CORRECTIONS AND      )
    REHABILITATION;                    )
21  Respondents.                       )
                                       )
22                                     )
                                       )
23  BUREAU OF INDEPENDENT REVIEW,      )
24  OFFICE OF INSPECTOR GENERAL        )
        [Real Party In Interest]
25

26  Petitioners, FRANK ESQUEDA, and CALIFORNIA CORRECTIONAL SUPERVISOR'S

27  ORGANIZATION, petition this Court for a Writ of Mandate under Code of Civil Procedure

28  section 1085 directed to Respondent, California Department of Corrections and Rehabilitation,

FILED-Rancho Cucamonga District
SAN BERNARDINO COUNTY
SUPERIOR COURT

APR 1 6 2008

BY _____ Deputy

1    and its agent to stop violations of the Public Safety Officers Procedural Bill of Rights (POBR)

2    and petition this Court for a Writ of Mandate under Code of Civil Procedure Section 1085

3    directed to Respondents and all parties in interest to stop violations of California Penal Code

4    832.7 and POBR.

5                      **FACTS COMMON TO ALL COUNTS**

6       1.  Petitioner, Frank Esqueda, (ESQUEDA or "Petitioner") was terminated in or about

7    2007 from his position as a Lieutenant from the California Department of Corrections and

8    Rehabilitation (CDCR or "Respondent"). The charges resulting in the termination stem from

9    evidence gathered in violation of the Public Safety Officers Procedural Bill of Rights Act at

10    Government Code §§ 3300 et seq. (hereinafter "POBR" or "Act"). Petitioner, at all times,

11    relevant herein worked for CDCR at their Chino, CA location.

12       2.  Petitioner, The California Correctional Supervisor's Organization ("CCSO" or

13    "Petitioner") is the exclusive recognized bargaining representative for the supervisory and

14    managerial personnel who work for the Department of Corrections and Rehabilitation (CDCR).

15    CCSO represents correctional supervisors who are peace officers within the meaning of Penal

16    Code Section 830.5. .

17       3.  Petitioner ESQUEDA is a peace officer within the meaning of Penal Code §830.5 and as

18    such is entitled to the protections of the Act and Government Code §§ 3300 et seq. Petitioner has

19    a vested property right to continued employment and cannot be deprived of said right without

20    due process of law.  Petitioner ESQUEDA is and was at all times relevant herein a Lieutenant

21    with CDCR or Respondent and, at all times mentioned herein, was so employed.  Petitioner's

22    home address is confidential under Penal Code §§146e and 832.7, and Vehicle Code

23    §1808.4(a)(11)

24       4.  Petitioner ESQUEDA is a peace officer and his personnel file is confidential within the

25    meaning of California Penal Code 832.7

26       5.  Petitioner CCSO is comprised of peace Officers whose personnel files are subject to the

27    confidentiality requirement of California Penal Code 832.7

28       6.  Respondent CDCR is employer of peace officers and is subject to the requirements of the

1   POBR, and a state agency. CDCR is also subject to the requirements of California Penal Code
2   832.7

3       7.  The Office of the Inspector General (OIG) is an independent state agency statutorily
4   created, per California Penal Code Section 6125. It is not a subdivision of any other
5   governmental entity.

6       8.  The Bureau of Independent Review (BIR) is a division of the Office of Inspector
7   General. It is created by statute within the office of the Inspector General to provide public
8   oversight of investigations conducted by the Department of Corrections and the Department of
9   Youth Authority, and to issue reports, as specified, to the Governor and the Legislature.

10      9.  CDCR, OIG and BIR have official offices in Rancho Cucamonga, CA.

11      10. Cal Penal Code Section 6133 (a) states that :there is created within the office of the
12  Inspector General a Bureau of Independent Review (BIR), which shall be subject to the direction
13  of the Inspector General. Cal Penal Code 6133 (b) states further: The BIR shall be responsible
14  for contemporaneous public oversight of the Youth and Adult Correctional Agency
15  investigations    conducted by the Department of Corrections' Office of Investigative Services
16  and by Internal Affairs for the Department of the Youth Authority. The BIR shall also be
17  responsible for advising the public regarding the adequacy of each investigation, and whether
18  discipline of the subject of the investigation is warranted. 6133 (c) states in pertinent part that the
19  BIR shall issue regular reports, no less than semiannually, summarizing its oversight of Office
20  of Investigative Services and Internal Affairs investigations pursuant to subdivision (b), Then
21  6133 goes on enumerating that should be included in each report. BIR as such is an independent
22  state agency statutorily authorized to *oversee* the operations of CDCR.

23      11. BIR was created per statute, as aforementioned and more particularly as a result of the
24  Federal Madrid lawsuit. None of the statutes, the Madrid Order, and implementing rules make
25  any mention of granting OIG/BIR an exception to Penal Code Section 832.7 or POBR or gives
26  BIR any authority to be physically present during interrogations of peace officers. BIR is
27  physically present at the Interrogations of officers at CDCR; BIR representatives sit down at the
28  confidential interrogations, take notes, pass notes to the interrogators, confer with the

1  interrogators during breaks, and basically run the show.

2      12. BIR shows up at confidential internal affairs interrogations of officers and employees of

3  CDCR, under the guise of overseeing the operations of CDCR. BIR has erroneously somehow

4  interpreted its statutorily authority to oversee CDCR, in extremely broad terms. BIR's

5  interpretation of its authority is in violation of California Penal Code 832.7, which does not

6  specifically expressly enumerates OIG as one of the exceptions to Cal Penal Code 832.7.

7  Nothing in the statute provides OIG/BIR with broad authority to be physically present at

8  confidential interrogations of peace officers by CDCR.

9      13. Cal Penal Code 832.7 states in pertinent part that "peace officers personnel files o

10 ..are confidential and shall not be disclosed except by discovery pursuant to Section 1043 and

11 1046 of the Evidence Code, 832.7 specifically expressly enumerates exceptions such as Grand

12 jury, a district attorney's office or the Attorney General Office. If 832.7 intended to provide an

13 exception to OIG/BIR it would have specifically stated so. It does NOT. 832.7 creates a general

14 privilege and only carves out a limited exception. City of Hemet v. Superior Court (App.4 Dist.

15 1995) 37 Cal App. 4th 1411.

16     14. CDCR has ratified BIR's conduct by allowing BIR's physical presence in its

17 officers/employees confidential internal affairs investigations. In fact, BIR gets notified by

18 CDCR of any upcoming internal affairs interrogations, and BIR gets to chose which

19 interrogations it is present at. BIR is a watchdog and is not entitled to be physically present at

20 confidential internal affairs interrogations. Further, BIR does not just sit and watch; it actively

21 gets involved and instructs the superiors who are conducting the interrogations on how to

22 proceed and what questions to ask.

23     15. Petitioners have sent correspondence and objected in person and asked that violations

24 of POBR and California Penal Code 832.7 be immediately stopped. In response, BIR has argued

25 that it cannot oversee CDCR administrative investigations without being present. It chooses to

26 physically be present. Its presence intimidates the officers under investigation. BIR further

27 confers with investigators as the interrogation progresses. BIR has no authority over CDCR

28 employees under investigation. BIR has abused its statutorily authority that it crossed the line

1   from just overseeing to infringing upon officers' rights under California Penal Code 832.7 and

2   under POBR.

3        16. BIR/OIG is not a part of CDCR. Its actions have been authorized and ratified by

4   CDCR.

5        17. Their presence at the interrogations of officers violates the officers POBR rights and

6   is in violation of California Penal Code 832.7.

7   POBR at Gov Code 3303 et seq. specifically prohibits anyone not employed "by the employing

8   agency" to be present at the interrogations of peace officers conducted under POBR.

9        18. CDCR has allowed BIR to be present and actively involved at interrogations. As

10  such, the actions taken that violate Petitioner's POBR rights were ratified and acquiesced to by

11  CDCR.

12       19.  POBR at Government Code 3303 states that when any public safety officer is

13  under investigation and subjected to interrogation *by his or her commanding officer*, or

14  any *other member of the employing public safety department*, that could lead to punitive

15  action, the interrogation shall be conducted under the following conditions. For the purpose of

16  this chapter, punitive action means any action that may lead to dismissal, demotion, suspension,

17  reduction in salary, written reprimand, or transfer for purposes of punishment. BIR is not a part

18  of CDCR and as such, not a member of the employing public safety department, at the time of

19  its monitoring of CDCR's . In said capacity, BIR's representatives are as such members of the

20  public when it comes to peace officers files and interrogations.

21       20. POBR, at Government Code §3303(b) requires that "All questions directed to the

22  public safety officer under interrogation shall be asked by and through no more than two

23  interrogators at one time."

24       21. Government Code §3309.5(c) vests initial jurisdiction in the Superior Court over any

25  proceeding brought by a public safety officer against any public safety department for alleged

26  violations of this Act; therefore, Petitioner need not exhaust any administrative remedies

27  available to him should any exist

28       22. Government Code §3309.5(d) authorizes the Superior Court to render appropriate

1    injunctive relief to remedy said.violation, including a permanent injunction prohibiting

2    Respondent from violating officers POBR rights by having BIR and others present and involved

3    in the interrogations, and having the officers being interviewed by more than two officers at a

4    time.

5         23. Pursuant to C.C.P. §1085 and Government Code §3309.5(c) and §3309.5(d), this

6    Court is therefore authorized to issue an injunction and/or writ of mandate enjoining Respondent

7    CDCR from allowing BIR/OIG to be physically present at the internal affairs interrogations of

8    officers/employees of CDCR.

9         24. Petitioner, Fran Esqueda, wwas interrogated within the meaning of POBR at Gov

10   Code Section 3300 et seq.., on January 19, 2007. The Internal Affairs (IA) interrogation was

11   conducted on January 19, 2007. Two of Petitioner's superiors from CDCR were present along

12   with Petitioner and his counsel of record. In addition, a representative- Miller from BIA was

13   there. Although he did not directly ask questions, he kept moving and shifting in his seat taking

14   notes, and during break conferring with the two interrogators from CDCR. Two investigators

15   were facing him. The BIR representative was to Petitioner's left side. There was also a vertical

16   advocate representative sitting behind Petitioner. The presence of the BIR representative

17   violated Petitioner's POBR rights inasmuch as his presence and demeanor was the functionally

18   equivalent of an interrogation. The representative from BIR was taking notes and shifting in his

19   seats, which intimidated Petitioner. His demeanor was the equivalent of an interrogation and as

20   such, Petitioner was interrogated by three people in violation of his POBR rights.;; In addition,

21   the presence of BIR and the vertical representative violated Petitioner's rights for confidentiality

22   pursuant to California Penal Code 832.7.

23         25. A hearing on the merits of the alleged misconduct is pending; therefore, a hearing on

24   the POBR violations under Government Code §3309.5 must be completed before such time.

25         26. Damages cannot adequately compensate Petitioner for the herein described injuries.

26   Therefore, Petitioner has no plain speedy and adequate remedy at law.

27         27. Respondent' decision to impose discipline notwithstanding the violations at POBR is

28   arbitrary and capricious and entitles Petitioner to attorney's fees in the amount allowed under

1    Government Code §800.

2         28. The successful prosecution of this action will result in substantial benefit to a large

3    class of persons; such that the burden of private enforcement should not be borne by Petitioner,

4    and in the interest of justice such fees should not be paid out of any recovery received by

5    Petitioner, and therefore, Petitioner is entitled to attorney's fees pursuant to the terms of Code of

6    Civil Procedure §1021.5.

7         29. As such, Petitioner is entitled to a Writ of Mandate and/or Permanent Injunction

8    prohibiting Respondents from  further violations of POBR and violation s of California Penal

9    Code 832.7.

10        30. Unless this Court issues a Peremptory Writ of Mandate commanding Respondent, and

11   each of them to carry out its clear, present, and ministerial duty to abide by the POBR by, the

12   public policy and the laws of the State of California will be disregarded and subverted.  This duty

13   exists pursuant to California Government Code section 3304(d).

14        WHEREFORE, Petitioner prays:

15        1.      That the Court issue a peremptory writ of mandate and/or injunction pursuant to

16   Government Code §3309.5(d) prohibiting Respondent from disciplining Petitioner ESQUEDA

17   based on statements taken in violation of POBR,  and the derivative fruits thereof;

18        2.      That the Court issue a peremptory writ of mandate on behalf of CCSO ordering

19   Respondents to stop violations of POBR and violations of Cal. Penal Code 832.7 and as such,

20   prohibiting CDCR from further violations of Correctional supervisors POBR rights and by that,

21   prohibiting BIR from being present at internal affairs interrogations conducted by CDCR of its

22   correctional supervisors; and prohibiting CDCR and OIG/BIR from violations of Cal Penal Code

23   832.7.

24        3.      That Petitioners recover costs and attorney's fees in this matter;

25        4.      Any other necessary and further relief that the Court deems just and proper.

26   Dated:    April 16, 2008                          Respectfully submitted,

27                                                     LACKIE & DAMMEIER APC

28

1

2      Zahra Khoury
       Michael Lackie
3      Attorneys for Petitioners
       FRANK ESQUEDA AND
4      CALIFORNIA CORRECTIONAL
       SUPERVISOR'S ORGANIZATION
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Verification

I have read the foregoing Verified Petition for Writ of Mandate and know its contents. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters, which are stated on information and belief, and as to those matter I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 3/27/08

**FRANK ESQUEDA**

1

## Verification

2      I am an attorney at law duly licensed to practice before all courts of the state of

3   California. I am an associate at the law offices of Lackie & Dammeier, attorneys for Petitioners,
    California Correctional Supervisor's Organization. The matters stated in the foregoing document

4   VERIFIED PETITION FOR WRIT OF MANDATE are true of my own knowledge except as to
    those matters, which are stated on information and belief, and as to those matter I believe them to

5   be true.

6      I declare under penalty of perjury under the laws of the State of California that the

7   foregoing is true and correct.

8

9   Dated: 4-1-08

10                                                    Zahra Khoury

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

Frank Esqueda et al.

Case No. **CIVRS  803602**

vs.

**CERTIFICATE OF ASSIGNMENT**

Department of Corrections and Rehabilitation et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General    ☐ Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district. |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3 | Contract | Performance in the district is expressly provided for. |
| ☐ | 4 | Equity | The cause of action arose within the district. |
| ☐ | 5 | Eminent Domain | The property is located within the district. |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☒ | 9 | Mandate | The defendant functions wholly within the district. |
| ☐ | 10 | Name Change | The petitioner resides within the district. |
| ☐ | 11 | Personal Injury | The injury occurred within the district. |
| ☐ | 12 | Personal Property | The property is located within the district. |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 | Review | The defendant functions wholly within the district. |
| ☐ | 16 | Title to Real Property | The property is located within the district. |
| ☐ | 17 | Transferred Action | The lower court is located within the district. |
| ☐ | 18 | Unlawful Detainer | The property is located within the district. |
| ☐ | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20 | Other | _____ |
| ☐ | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

14901 Central Avenue

| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | | ADDRESS | |
|---|---|---|---|
| Chino | CA | | 91710 |
| (CITY) | (STATE) | | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

April 16, 2008    at    Upland    , California

_Signature of Attorney/Party_

13-16503-360 Rev. 10/94    SB-16503

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Zahra Khoury (SBN 231065)<br>LACKIE & DAMMEIER, APC<br>367 N. Second Avenue<br>Upland, California 91786<br>TELEPHONE NO.: 909-985-4003    FAX NO.: 909-985-3299<br>ATTORNEY FOR *(Name)*: Petitioner, Frank Esqueda | FOR COURT USE ONLY<br><br>FILED-Rancho Cucamonga District<br>SAN BERNARDINO COUNTY<br>SUPERIOR COURT<br><br>APR 16 2008<br><br>BY _Daniel Zwislen_<br>                    Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 8303 N. Haven Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Rancho Cucamonga,, CA
BRANCH NAME: Rancho Cucamonga District

CASE NAME:
Esqueda et al. v. Department of Corrections and Rehabilitation et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVRS   803602 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| Damage/Wrongful Death) Tort | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | condemnation (14) | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Other real property (26) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | Unlawful Detainer | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | Judicial Review | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| Employment | ☑ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☐ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: One
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16, 2008
Zahra Khoury
(TYPE OR PRINT NAME)                                          ▶              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)*
  (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

FILED-Rancho Cucamonga District
SAN BERNARDINO COUNTY
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

APR 1 6 2008

RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA  91730

BY _Daniel Zwierlein_  Deputy

CASE NO: CIVRS803602

http://www.sbcounty.gov/courts

IN RE: FRANK ESQUEDA -V- DEPT OF CORRECTIONS

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO * DEPARTMENT NOT FOUND FOR JUDGE * IN DEPARTMENT R11 FOR

The Order to Show Cause regarding service of summons is set:
07/16/08 at  8:30 in Department R11. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 09/12/08 at  8:30
in Department R11.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
                    Tressa S. Kentner, Clerk of the Court
Date: 04/16/08                      By: DANIEL ZWIERLEIN
-----------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 04/16/08
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 04/16/08 at Rnch Cucamonga, CA  By: DANIEL ZWIERLEIN